1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

EASTERN DISTRICT OF CALIFORNIA

8
9

10 | GEORGE ROBERT CASTANEDA,      ) 1:10-cv—2042-SMS-HC
                                 )
11 |             Petitioner,      ) ORDER DISMISSING PETITIONER'S
                                 ) STATE LAW CLAIM CONCERNING AN
12 |                             ) UNAUTHORIZED SENTENCE (Doc. 1)
        v.                       )
13 |                             ) ORDER REQUIRING RESPONDENT TO
   WARDEN KATHLEEN ALLISON,      )  FILE A RESPONSE TO PETITIONER'S
14 |                             ) CLAIM CONCERNING THE
                Respondent.      ) INSUFFICIENCY OF THE EVIDENCE TO
15 |                             ) SUPPORT HIS CONVICTION
                                 )
16 |                               ORDER SETTING A BRIEFING SCHEDULE

17 |                               ORDER DIRECTING THE CLERK TO
                                   SERVE DOCUMENTS ON THE ATTORNEY
18 |                               GENERAL

19

20        Petitioner is a state prisoner proceeding pro se and in

21 forma pauperis with a petition for writ of habeas corpus pursuant

22 to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

   Petitioner has consented to the jurisdiction of the United States
23
   Magistrate Judge to conduct all further proceedings in the case,
24
   including the entry of final judgment, by manifesting consent in
25
   a signed writing filed by Petitioner on November 22, 2010 (doc.
26
   5).  Pending before the Court is the petition, which was filed on
27
   November 3, 2010.
28

1

1       I.   <u>Screening the Petition</u>

2      Rule 4 of the Rules Governing § 2254 Cases in the United

3  States District Courts (Habeas Rules) requires the Court to make

4  a preliminary review of each petition for writ of habeas corpus.

5  The Court must summarily dismiss a petition "[i]f it plainly

6  appears from the petition and any attached exhibits that the

7  petitioner is not entitled to relief in the district court...."

8  Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.

9  1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.

10  1990).  Habeas Rule 2(c) requires that a petition 1) specify all

11  grounds of relief available to the Petitioner; 2) state the facts

12  supporting each ground; and 3) state the relief requested.

13  Notice pleading is not sufficient; rather, the petition must

14  state facts that point to a real possibility of constitutional

15  error.  Rule 4, advisory committee notes, 1976 adoption;

16  <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.

17  Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition

18  that are vague, conclusory, or palpably incredible are subject to

19  summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th

20  Cir. 1990).

21      Further, the Court may dismiss a petition for writ of habeas

22  corpus either on its own motion under Habeas Rule 4, pursuant to

23  the respondent's motion to dismiss, or after an answer to the

24  petition has been filed.  Advisory committee notes to Habeas Rule

25  8, 1976 adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43

26  (9th Cir. 2001).

27      II.   <u>The Petition</u>

28      Petitioner, an inmate of the California Substance Abuse

1  Treatment Facility at Corcoran, California (CSATF), is serving a

2  sentence of eighteen years to life for attempted murder that was

3  imposed in the Tulare County Superior Court on October 25, 2008.

4  (Pet. 1, 9.)  Petitioner did not complete the portion of the

5  habeas corpus petition form that requested a statement of grounds

6  and facts, but he attached as the middle portion of his petition

7  a copy of what appears to have been an appellate brief.  (Pet. 4-

8  42.)  The Court thus understands that Petitioner intends to raise

9  as claims in this proceeding the same claims that he raised in

10 the brief, namely 1) Petitioner's conviction of attempted murder

11 violated his right to due process of law guaranteed by the

12 Fourteenth Amendment because the evidence was insufficient to

13 establish the requisite intent to kill (Pet. 23-37), and 2) the

14 trial court lacked statutory authority to impose a fifteen-year

15 determinate sentencing enhancement pursuant to Pen. Code §

16 186.22(b)(4) for commission of the offense in furtherance of a

17 criminal street gang's criminal conduct (Pet. 38-41).

18        III.   Sentencing Claim Involving Only State Law

19             A. Legal Standards

20     Federal habeas relief is available to state prisoners only

21 to correct violations of the United States Constitution, federal

22 laws, or treaties of the United States.  28 U.S.C. § 2254(a).

23 Federal habeas relief is not available to retry a state issue

24 that does not rise to the level of a federal constitutional

25 violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16

26 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged

27 errors in the application of state law are not cognizable in

28 federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th

1   Cir. 2002) (a claim challenging state court's discretionary

2   decision concerning application of state sentencing law presented

3   only state law issues and was not cognizable in a proceeding

4   pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380,

5   1389 (9th Cir. 1996).  The Court accepts a state court's

6   interpretation of state law.  Langford v. Day, 110 F.3d 1380,

7   1389 (9th Cir. 1996).  In a habeas corpus proceeding, this Court

8   is bound by the California Supreme Court's interpretation of

9   California law unless it is determined that the interpretation is

10  untenable or a veiled attempt to avoid review of federal

11  questions.  Murtishaw v. Woodford, 255 F.3d 926, 964 (9th Cir.

12  2001).

13            B.   Analysis of Petitioner's Claims

14       Insofar as Petitioner challenges the statutory authority of

15  the sentencing court to impose a gang enhancement, Petitioner is

16  raising issues that involve the interpretation and application of

17  California's statutory law concerning sentencing.  The issue of

18  whether a sentence enhancement was properly applied to the facts

19  of a petitioner's case is not a cognizable federal habeas corpus

20  claim.  See, Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.

21  1989).

22       Therefore, Petitioner's claim concerning the sentence

23  enhancement must be dismissed without leave to amend.

24       IV.  Response to Petitioner's Due Process Claim

25       Petitioner's due process claim concerning the insufficiency

26  of the evidence to support his conviction constitutes a

27  cognizable claim of a violation of due process of law.

28       Further, the Court takes judicial notice of the docket of

4

1  the California Supreme Court in <u>People v. Castaneda</u>, case number

2  S177547, which reflects Petitioner's petition for review of the

3  appellate decision of the intermediate state appellate court, and

4  the Supreme Court's subsequent denial of the petition on December

5  17, 2009.[1]  The materials before the Court warrant an inference

6  that Petitioner presented his insufficiency of the evidence claim

7  to the California Supreme Court.

8       With respect to Petitioner's claim concerning the

9  insufficiency of the evidence, the Court has conducted a

10 preliminary review of the petition.  It is not clear from the

11 face of the petition whether Petitioner is entitled to relief.

12 28 U.S.C. § 2243.

13      V.  <u>Disposition</u>

14      Accordingly, it is ORDERED that:

15      1)  Petitioner's petition is DISMISSED without leave to

16 amend insofar as Petitioner challenges the state sentencing

17 court's imposition of a gang enhancement because this claim is

18 premised solely on state law and thus is not a claim cognizable

19 pursuant to 28 U.S.C. § 2254; and

20      2)  Insofar as Petitioner claims that the evidence was

21 insufficient to support his conviction, pursuant to Rule 4 of the

22 Rules Governing Section 2254 Cases and Rule 16 of the Federal

23 Rules of Civil Procedure,[2] the Court hereby ORDERS:

24 ───────────────────

25      [1]The Court may take judicial notice of court records.  Fed. R. Evid.
   201(b); <u>United States v. Bernal-Obeso</u>, 989 F.2d 331, 333 (9th Cir. 1993);
   <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978),
26 <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981).

27      [2]The Federal Rules of Civil Procedure "apply to proceedings for habeas
   corpus ... to the extent that the practice in those proceedings (A) is not
28 specified in a federal statute, the Rules Governing Section 2254 Cases, or the
   Rules Governing Section 2255 Cases; and (B) has previously conformed to the

1     1.    Respondent SHALL FILE a RESPONSE to the petition[3]

2     within **SIXTY (60) days** of the date of service of this

3     order.  See Rule 4, Rules Governing Section 2254 Cases;

4     Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir.

5     1985) (court has discretion to fix time for filing a

6     response).  A response can be made by filing one of the

7     following:

8     A.    An ANSWER addressing the merits of the petition.

9     Respondent SHALL INCLUDE with the ANSWER any and

10     all transcripts or other documents necessary for

11     the resolution of the issues presented in the

12     petition.  See Rule 5, Rules Governing Section

13     2254 Cases.  Any argument by Respondent that a

14     claim of Petitioner has been *procedurally*

15     *defaulted* SHALL BE MADE in the ANSWER, but must

16     also address the merits of the claim asserted.

17     B.    A MOTION TO DISMISS the petition.  A motion to

18     dismiss SHALL INCLUDE copies of all Petitioner's

19     state court filings and dispositive rulings.  See

20     Rule 5, Rules Governing Section 2254 Cases.[4]

21

22 practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a

23 proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

24     [3]Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

25

26     [4]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a

27 fixed time, or to take other action the judge may order."  Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and

28 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and

1    2.   If Respondent files an answer to the petition,

2         Petitioner MAY FILE a traverse within **THIRTY (30) days**

3         of the date Respondent's answer is filed with the

4         Court.  If no traverse is filed, the petition and

5         answer are deemed submitted at the expiration of the

6         thirty (30) days.

7    3.   If Respondent files a motion to dismiss, Petitioner

8         SHALL FILE an opposition or statement of non-opposition

9         within **TWENTY-ONE (21) days** of the date Respondent's

10        motion is filed with the Court.  If no opposition is

11        filed, the motion to dismiss is deemed submitted at the

12        expiration of the thirty (30) days.  Any reply to an

13        opposition to the motion to dismiss SHALL BE FILED

14        within **SEVEN (7) days** after the opposition is served.

15   4.   Unless already submitted, both Respondent and

16        Petitioner SHALL COMPLETE and RETURN to the Court

17        within **THIRTY (30) days** a consent/decline form

18        indicating whether the party consents or declines to

19        consent to the jurisdiction of the United States

20        Magistrate Judge pursuant to Title 28 U.S.C.

21        § 636(c)(1).

22   5.   The Clerk of the Court is DIRECTED to SERVE a copy of

23        this order on the Attorney General or his

24        representative.

25   All motions shall be submitted on the record and briefs

26

27
     _____

28   that the respondent may file a motion to dismiss for failure to exhaust);
     White v. Lewis , 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion
     to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

1   filed without oral argument unless otherwise ordered by the

2   Court.   Local Rule 230(l).   Requests for extensions of time will

3   only be granted upon a showing of good cause.   All provisions of

4   Local Rule 110 are applicable to this order.

5

6   IT IS SO ORDERED.

7   **Dated:    January 31, 2011**                        **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28